[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which essentially alleges that the trial court's determination that Williams was a sexual predator was based upon insufficient evidence and against the manifest weight of the evidence, is overruled.
The prosecutor had the burden to show by clear and convincing evidence that Williams was likely to commit another sexually-oriented offense. See State v. Lee (1998), 128 Ohio App.3d 710,716 N.E.2d 751. When determining whether a defendant is a sexual predator, the trial court must consider the nonexclusive factors listed in R.C. 2950.09(B)(2), and may also consider the R.C. 2971.01(H)(2) factors. Id.
At the sexual-predator hearing, the prosecutor introduced into evidence the following: (1) the judgment entry stating that Williams had been found guilty of three counts of rape; (2) the RCIC Local Report containing Williams's prior record; and (3) the sentence investigation. The prosecutor also set forth the facts underlying Williams's convictions, which indicated that Williams had forced the victim into a bathroom and kept her there for approximately twelve hours while he slapped her and raped her repeatedly.
Defense counsel presented evidence that Williams was attending a sex-offender treatment program. Defense counsel also indicated that Williams had stated that the sexual intercourse was consensual.
The trial court determined that Williams was a sexual predator, specifically noting Williams's three rape convictions, the cruelty displayed toward the victim of the offenses, Williams's criminal history, and his prior failed probation and parole.
Following a review of the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Williams was likely to commit another sexual offense. Therefore, the trial court properly found by clear and convincing evidence that Williams was a sexual predator. Id.
The second assignment of error, alleging that the trial court erred in failing to grant Williams's request for a continuance, is overruled because the trial court did not abuse its discretion in refusing Williams's request. See State v. Lorraine
(1993), 66 Ohio St.3d 414, 613 N.E.2d 212.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 __________________ PRESIDING JUDGE DOAN